Van Brunt, P. J.
We see no reason for interfering with the conclusion arrived at by the learned surrogate in the court below. The testimony upon the part of the appellants, which was relied upon for the purpose of showing that there had been a final settlement between the parties of the accounts of the executors in reference to the personal estate, so that the question as to the appellants’ predecessor having been paid more than his share of such personal estate could not be investigated in this accounting, seems to be entirely inconclusive, and insufficient to deprive the respondents of the right to claim upon this final accounting that such overpayment had been made. It is true that, by taking isolated expressions from the testimony of the executors, such a conclusion might be reached; but when we consider the testimony as a whole, and the acts done, it is apparent that the claim that there was only a division of certain mortgages belonging to the estate, of which the appellants’ predecessor received his one-third share, is well founded.
The testimony of the witnesses Valentine and Peck in no way conflicts with the claim now presented upon the part of the executors. The mere statement that certain real estate had been sold, and the money was in bank, waiting for the heirs, did not in any way assume to represent what the interest of such heirs might be upon the final settlement of the estate. The circumstance that the amount received by the appellants’ predecessor, George W. Valentine, at the time of this alleged settlement, was just one-third of the mortgages in question, is a much stronger circumstance against the idea of a final settlement of the accounts of the executors in respect to the share of the appellants’ predecessor in the property than is the alleged admission of the executors that they were holding the proceeds of the real estate sold by them for the heirs in favor of such settlement. In fact, upon a reading of the whole of the testimony, there does not seem to be any proof whatever that any such final settlement was had. And certainly by what, at most, are only equivocal statements of one of the executors upon the stand, the persons interested in the estate of *819 the testator, other than the representatives of George W. Yalentine, cannot be deprived of their share in this real estate. And when these equivocal statements are explained, upon the attention of the witness being called to them, there seems to be no basis left for the claim made by the appellants.
The decree appealed from should be affirmed, with costs.
O’Brien and Follett, JJ., concur.